# PROVIDENCE COUNTY.

CASSIUS M. VON STORCH *et ux. vs.* WILLIAM P. WINSLOW.

Under Gen. Stat. R. I. cap. 152, § 5, a sewing-machine is an article of "household furniture."

So is a piano.

In trespass against an officer, who on a writ against a husband persisted in attaching the goods of the wife after being told that they were her property, the value of the goods is not the measure of damages, and the court will not disturb a verdict against such officer for a sum much in excess of such value.

EXCEPTIONS to the Court ·of Common Pleas.

Gen. Stat. R. I. cap. 152, § 5, is as follows : " The chattels real, household furniture, plate, jewels, stock, or shares in the capital stock of any incorporated company, money on deposit in any savings bank or institution for savings, with the interest thereon, or debts secured by mortgage on property, which are the property of any woman before marriage, or which may become the property of any woman after marriage, shall not be sold, leased, or conveyed by the husband, unless by deed, in which the wife shall join as grantor ; which deed shall be acknowledged in the manner hereinafter provided for the conveyance of the real estate of married women."

November 1, 1877, Winslow, the defendant, served a. writ in favor of one L. D. Millard and against C. M. Von Storch, by attaching a sewing-machine and a piano which Mrs. Von Storch claimed as her own. July 6, 1877, Von Storch and his wife had executed a deed of the machine and piano to one Warner, but this

deed was not acknowledged as required by the statute of Rhode Island, in order to make a good conveyance of a married woman's "household furniture." After the attachment this action of trespass was brought in the Court of Common Pleas. At the trial the presiding justice ruled that the sewing-machine and piano were articles of household furniture within the meaning of Gen. Stat. R. I. cap. 152, § 5, that they did not pass under the deed of July 6, and that this action was therefore maintainable. The defendant excepted to this ruling, and petitioned this court for a new trial: *first*, because the presiding justice erred; *second*, because the jury gave a verdict for the plaintiff for a sum inordinately greater than the value of the property attached.

*April* 10, 1880. PER CURIAM. The question here is, whether a piano and a sewing-machine belonging to a married woman and kept by her at her home for use in the household, are to be regarded as household furniture within the meaning of Gen. Stat. R. I. cap. 152, § 5. We have no doubt whatever that a sewing-machine is a domestic implement of such a character that it ought to be so regarded. There is more question in regard to the piano. It appears by cases cited for the defendant, that in Vermont and Wisconsin a piano is not deemed to be an article of household furniture. *Dunlap* v. *Edgerton*, 30 Vt. 224 ; *Tanner* v. *Billings*, 18 Wis. 173. We think, however, that the question may be decided differently according as the habits and usages of society differ in different States. Moreover, the provision of the statute referred to appears to be intended as a restraint on both husband and wife, for the common benefit of the family, and ought to be liberally construed. Upon the whole, therefore, we are of the opinion that the court below did not err in its ruling that a piano is an article of household furniture.

The defendant also claims that he is entitled to a new trial because the verdict is excessive. The verdict was for $227, which is probably more than the piano and sewing-machine were worth. But the action is trespass, and the testimony shows that the defendant, who was a constable, and committed the trespass by attaching the piano and sewing-machine as the property of the husband, persisted in making the attachment after being notified that they belonged to the wife. In such a case the value of the articles

is not the measure of the damages, and, even if the verdict were considerably larger than it is, we should not be disposed to disturb it.                                    *Exceptions overruled.*

*Bosworth & Champlin*, for plaintiffs.

*Nicholas Van Slyck & Henry J. Dubois*, for defendant.